UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ROVE LOOP, LLC,

                Plaintiff,

                v.

CASA DEL SOL SPIRITS CO.,

                Defendant.
------------------------------------------------------------ X

Case No. 2:24-cv-07389-MKB-SIL

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CASA DEL SOL SPIRITS CO.**

**JURY TRIAL DEMANDED**

Defendant Casa Del Sol Spirits Co. ("Casa") hereby answers the Complaint of Plaintiff Rove Loop, LLC ("Rove") as follows:

## NATURE OF THE ACTION

### PARAGRAPH NO. 1

Through this action, plaintiff Rove Loop, LLC d/b/a Rove ("plaintiff" or "Rove") seeks redress against defendant Casa Del Sol Spirits Co. ("defendant" or "Casa Del Sol") for its acknowledged material breaches of the parties' agreements, through which Casa Del Sol engaged Rove—a mobile application-based "micro-mobility" company, which provides short distance rides in high-end marketplaces free of charge to the rider, funded by brands who advertise their products on the luxury vehicles provided by Rove—for advertising campaigns in The Hamptons, Palm Beach and Aspen.

**ANSWER**: The allegations contained in Paragraph 1 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer may be required of Casa, Casa denies the allegations contained in Paragraph 1.

### PARAGRAPH NO. 2

Although Casa Del Sol, a celebrity-backed purveyor of the eponymous Casa Del Sol "luxury sipping tequila" whose prominent investors include such high-visibility individuals as Eva Longoria, Serena Williams and Kathy Hilton, was required under the parties' agreements to pay Rove significant installment payments for those advertising campaigns, Casa Del Sol repeatedly dissembled and claimed that, despite its unequivocal obligations to Rove under the parties' agreements, Casa Del Sol lacked sufficient funds to make those contractually mandated payments.

**ANSWER**: Casa denies the allegations contained in Paragraph 2.

1

**PARAGRAPH NO. 3**

Despite Casa Del Sol's repeated assurances to Rove that those payments would be forthcoming, which Casa Del Sol made to induce Rove's continued performance under the agreements—while Casa Del Sol was, at the same time, spending lavishly on extravagant promotional junkets, parties and other events—Casa Del Sol ultimately failed and refused to pay Rove any of the amounts that indisputably are due and owing to it under the parties' agreements.

**ANSWER**: Casa denies the allegations contained in Paragraph 3.

**PARAGRAPH NO.4**

As Casa Del Sol has failed even to attempt to rectify its material contractual breaches, Rove was compelled to bring the present action to obtain legal redress against Casa Del Sol for the substantial damages it has sustained, and continues to suffer, by reason of Casa Del Sol's undisputed breaches of the parties' agreements, which total, in the aggregate, in excess of $2,000,000.

**ANSWER**: The allegations contained in Paragraph 4 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer may be required of Casa, Casa denies the allegations contained in Paragraph 4.

## PARTIES

**PARAGRAPH NO. 5**

Rove is a limited liability company organized under the laws of the State of New York with its principal place of business in Suffolk County, New York. Each of Rove's members is a citizen of the State of New York.

**ANSWER**: Casa denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

**PARAGRAPH NO. 6**

Casa Del Sol is a corporation organized under the laws of the State of Delaware, with a principal place of business in the State of California.

**ANSWER**: Casa admits the allegations contained in Paragraph 6.

## JURISDICTION AND VENUE

### PARAGRAPH NO.7

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that this is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**ANSWER**: The allegations contained in Paragraph 7 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer may be required of Casa, Casa denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

### PARAGRAPH NO. 8

This Court has personal jurisdiction over defendant pursuant to CPLR § 302(a), as, *inter alia*, defendant has transacted business in this State in connection with the matters and claims at issue in this litigation, including, *inter alia*, conducting numerous in-person meetings with plaintiff in this State; the parties' agreements were negotiated in this State; one of those agreements contemplated performance by the parties entirely within this State; and, upon information and belief, defendant owns, uses or possesses real property situated within this State.

**ANSWER**: The allegations contained in Paragraph 8 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer may be required of Casa, Casa denies the allegations contained in Paragraph 8.

### PARAGRAPH NO. 9

Venue is proper in this judicial district pursuant to, *inter alia*, 28 U.S.C. § 1391(b)(2), as a substantial portion of the events and omissions giving rise to plaintiff's claims occurred within this judicial district.

**ANSWER**: The allegations contained in Paragraph 8 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer may be required of Casa, Casa denies the allegations contained in Paragraph 9.

## FACTUAL BACKGROUND

### PARAGRAPH NO. 10

Rove is a mobile application-based rideshare company founded in the Hamptons in 2021 that provides free rides in high-end automobiles funded by brands who advertise their products on the exteriors and interiors of luxury vehicles provided by Rove.

**ANSWER**: Casa denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

### PARAGRAPH NO. 11

Casa Del Sol is a tequila company co-founded by the actress Eva Longoria, whose prominent backers include such high visibility individuals as tennis legends Serena Williams and Garbiñe Muguruza, fashion designer and actress Kathy Hilton, N.B.A. basketball star Kyle Kuzma and fashion model Brooks Nader.

**ANSWER**: Casa denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

### PARAGRAPH NO. 12

In or about September of 2023, Casa Del Sol engaged Rove, pursuant to three separate written agreements each dated September 25, 2023, for multiyear advertising campaigns in Palm Beach, Florida, Aspen, Colorado and the Hamptons, New York to promote Casa Del Sol's tequila products in those markets in 2024 and 2025 during the height of the busiest seasons in those locales.

**ANSWER**: Casa denies the allegations contained in Paragraph 12.

### PARAGRAPH NO. 13

Rove's agreement with Casa Del Sol for the Palm Beach advertising campaign (the "Palm Beach Agreement") contemplated that Rove would advertise Casa Del Sol brand products on a minimum of ten Tesla Model 3 vehicles provided, driven and serviced by Rove through its mobile application in Palm Beach for the months of December of 2023 – February 2024, and December 2024 – February of 2025. In consideration for those services, Casa Del Sol agreed to pay Rove a total of $324,000 for each of the 2024 and 2025 campaigns in addition to certain "design" and "transfer" fees, i.e., over $648,000 in the aggregate, payable in installments commencing on November 1, 2023, as specified in the Palm Beach Agreement.

**ANSWER**: Casa denies the allegations contained in Paragraph 13.

**PARAGRAPH NO. 14**

Rove's agreement with Casa Del Sol for the Aspen advertising campaign (the "Aspen Agreement") similarly contemplated that Rove would provide advertising for Casa Del Sol on a minimum of ten Tesla Model Y vehicles in Aspen for the months of January, February and March of both 2024 and 2025. In consideration for those services, Casa Del Sol agreed to pay Rove a total of $360,000 plus design and transfer fees for each of the 2024 and 2025 campaigns, i.e., over $720,000 in the aggregate, payable in installments commencing on November 1, 2023, as specified in the Aspen Agreement.

**ANSWER**: Casa denies the allegations contained in Paragraph 14.

**PARAGRAPH NO. 15**

Rove's agreement with Casa Del Sol for the Hamptons advertising campaign (the "Hamptons Agreement") contemplated that Rove would provide advertising for Casa Del Sol on a minimum of fifteen Tesla Model 3 and Model Y vehicles in the Hamptons for the months of June, July and August of both 2024 and 2025. In consideration for those services, Casa Del Sol agreed to pay Rove a total of $504,000, as well as design and transfer fees, for each of the 2024 and 2025 campaigns, i.e., over $1,008,000 in the aggregate, payable in installments commencing on May 1, 2024, as specified in the Hamptons Agreement.

**ANSWER**: Casa denies the allegations contained in Paragraph 15.

**PARAGRAPH NO. 16**

At Casa Del Sol's request, Rove also agreed in the Palm Beach Agreement, Aspen Agreement and Hamptons Agreement (collectively, the "Agreements) to afford exclusivity to Casa Del Sol as the "sole tequila/mezcal advertiser" on Rove's vehicles in each locale for the duration of the Agreements.

**ANSWER**: Casa denies the allegations contained in Paragraph 16, except admits that under the Agreements, Rove agreed to provide the rights to Casa to be the sole tequila/mezcal advertiser on vehicles owned and operated by Rove in "Aspen, Colorado"; "The Hamptons, New York"; and "Palm Beach, Florida."

**PARAGRAPH NO. 17**

Although the first installment payment under the Palm Beach Agreement was due and payable to Rove by November 1, 2023, Casa Del Sol failed to timely make that payment, claiming that it was awaiting receipt of certain investor funds that, as Casa Del Sol explained, imminently would enable it to satisfy its contractual payment obligations to Rove.

**ANSWER**: Casa denies the allegations contained in Paragraph 17.

**PARAGRAPH NO. 18**

Casa Del Sol likewise failed to pay Rove its second installment payment under the Palm Beach Agreement, as well as its first payment due under the Aspen Agreement, both of which Casa Del Sol was obligated to remit to Rove by December 1, 2023. In failing to make those payments, Casa Del Sol again claimed that it imminently expected to receive certain investment funds that would enable it to make those payments and remain "current" under the parties' Agreements on a going-forward basis.

**ANSWER**: Casa denies the allegations contained in Paragraph 18.

**PARAGRAPH NO. 19**

As Casa Del Sol repeatedly assured Rove that the overdue payments would be forthcoming, Rove began performing under both the Palm Beach Agreement and the Aspen Agreement as contemplated thereby, including, *inter alia*, by procuring the contemplated vehicles, "wrapping" them with Casa Del Sol advertisements, preparing logistical plans, shipping the vehicles to Palm Beach and Aspen, expanding and updating its software and other electronic platforms and hiring drivers and other staff for the Palm Beach and Aspen advertising campaigns. In early December of 2023, at Casa Del Sol's request, Rove also dispatched a significant portion of its Palm Beach fleet of vehicles to Miami, Florida to provide rides to Casa Del Sol "brand VIPs" during the Art Basel event, for which Rove and its drivers expended significant time and resources.

**ANSWER**: Casa denies the allegations contained in Paragraph 19.

**PARAGRAPH NO. 20**

Despite Rove's performance under the Palm Beach Agreement and Aspen Agreement and Casa Del Sol's repeated assurances that payments under those Agreements would be forthcoming, Casa Del Sol nonetheless continued in its failure to pay Rove the overdue November and December 2023 payments, and it likewise failed to pay Rove the January 1, 2024 installment payments due under those Agreements. As such, Rove was compelled, in January of 2024, to suspend its operations in Palm Beach and Aspen, and it put its Hamptons campaign preparations on hold, pending its receipt of the contractually-required payments from Casa Del Sol.

**ANSWER**: Casa denies the allegations contained in Paragraph 20.

**PARAGRAPH NO. 21**

Casa Del Sol never disputed any of Rove's invoices for the foregoing amounts and continued repeatedly over the following months to assure Rove that Casa Del Sol soon would receive the investor funds that would enable it to satisfy all of its contractual payment obligations to Rove. Indeed, on a number of occasions during this time period, Casa Del Sol assured Rove that it

could expect payment on specific dates in the near term, only for those dates to come and pass without any word or payment from Casa Del Sol. At the same time, Casa Del Sol was spending lavishly on extravagant parties and promotional junkets, including, upon information and belief, inter alia, occupying an entire Aspen hotel for a six-week period at the beginning of 2024. Ultimately, Casa Del Sol failed to pay Rove any of the amounts that indisputably are due and owing to it under the parties' Agreements.

**ANSWER**: Casa denies the allegations contained in Paragraph 21.

## PARAGRAPH NO. 22

In addition, upon information and belief, Casa Del Sol has no intention to further perform under any of the Agreements. At all times, Rove has been, and remains, ready, willing and able to perform its obligations under each of the Agreements, as contemplated thereby.

**ANSWER**: Casa denies the allegations contained in Paragraph 22.

## PARAGRAPH NO. 23

During the nearly yearlong period in which Casa Del Sol has failed to satisfy its payment obligations under the parties' Agreements, Rove was compelled to turn away business from other tequila brands in light of the Agreements' exclusivity requirements, which, as contemplated by the Agreements, extend for the duration of those Agreements, *i.e.*, until September of 2025 with respect to the Hamptons Agreement and until March of 2025 with respect to the Palm Beach Agreement and the Aspen Agreement.

**ANSWER**: Casa denies the allegations contained in Paragraph 23.

## PARAGRAPH NO. 24

Rove also has incurred significant costs and expenses in connection with the Agreements, including with respect to, *inter alia*, the substantial costs associated with the unused vehicles it had procured, prepared with advertising materials and shipped to Florida and Colorado; the numerous drivers and other staff it had hired; and the significant technical and logistical infrastructure it had put in place for the advertising campaigns contemplated by the Agreements.

**ANSWER**: Casa denies the allegations contained in Paragraph 24.

## PARAGRAPH NO. 25

As a result of Casa Del Sol's failure and refusal to pay Rove any of the amounts that, as Casa Del Sol has acknowledged, are due and owing to Rove under the Agreements, and Casa Del Sol's concomitant repudiation of its future payment obligations to Rove under the Agreements, Rove was compelled to bring the present action to obtain redress for the significant losses and damages it has sustained as a direct result of those material contractual breaches.

**ANSWER**: Casa denies the allegations contained in Paragraph 25.

# COUNT I

## BREACH OF CONTRACT
## (Palm Beach Agreement)

**PARAGRAPH NO. 26**

Plaintiff incorporates by reference in their entirety the preceding paragraphs of this Complaint, as if fully set forth herein.

**ANSWER**: Casa repeats and realleges its responses to Paragraphs 1 through 25 of the Complaint as fully set forth herein.

**PARAGRAPH NO. 27**

The Palm Beach Agreement is a binding contractual undertaking that sets forth defendant's obligations to plaintiff thereunder, including the payment obligations set forth in that Agreement.

**ANSWER**: The allegations contained in Paragraph 27 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer is required of Casa, Casa denies the allegations contained in Paragraph 27, except admits that the "Palm Beach Agreement" includes a payment schedule.

**PARAGRAPH NO. 28**

Defendant has failed to comply with its payment obligations to plaintiff under the Palm Beach Agreement and, upon information and belief, has no intention of complying with its future payment obligations to plaintiff under that Agreement.

**ANSWER**: Casa denies the allegations contained in Paragraph 28.

**PARAGRAPH NO. 29**

Defendant is in material breach of the Palm Beach Agreement.

**ANSWER**: The allegations contained in Paragraph 29 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer is required of Casa, Casa

denies the allegations contained in Paragraph 29.

## PARAGRAPH NO. 30

As a direct and proximate result of defendant's aforesaid contractual breaches, plaintiff has sustained, and continues to suffer, significant foreseeable losses and damages in an amount to be determined at trial.

**ANSWER**: The allegations contained in Paragraph 30 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer is required of Casa, Casa denies the allegations contained in Paragraph 30.

## COUNT II

## BREACH OF CONTRACT
### (Aspen Agreement)

## PARAGRAPH NO. 31

Plaintiff incorporates by reference in their entirety the preceding paragraphs of this Complaint, as if fully set forth herein.

**ANSWER**: Casa repeats and realleges its responses to Paragraphs 1 through 30 of the Complaint as fully set forth herein.

## PARAGRAPH NO. 32

The Aspen Agreement is a binding contractual undertaking that sets forth defendant's obligations to plaintiff thereunder, including the payment obligations set forth in that Agreement.

**ANSWER**: The allegations contained in Paragraph 32 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer is required of Casa, Casa denies the allegations contained in Paragraph 32, except admits that the "Aspen Agreement" includes a payment schedule.

**PARAGRAPH NO. 33**

Defendant has failed to comply with its payment obligations to plaintiff under the Aspen Agreement and, upon information and belief, has no intention of complying with its future payment obligations to plaintiff under that Agreement.

**ANSWER**: Casa denies the allegations contained in Paragraph 33.

**PARAGRAPH NO. 34**

Defendant is in material breach of the Aspen Agreement.

**ANSWER**: The allegations contained in Paragraph 34 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer is required of Casa, Casa denies the allegations contained in Paragraph 34.

**PARAGRAPH NO. 35**

As a direct and proximate result of defendant's aforesaid contractual breaches, plaintiff has sustained, and continues to suffer, significant foreseeable losses and damages in an amount to be determined at trial.

**ANSWER**: The allegations contained in Paragraph 35 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer is required of Casa, Casa denies the allegations contained in Paragraph 35.

## COUNT III

### BREACH OF CONTRACT
### (Hamptons Agreement)

**PARAGRAPH NO. 36**

Plaintiff incorporates by reference in their entirety the preceding paragraphs of this Complaint, as if fully set forth herein.

**ANSWER**: Casa repeats and realleges its responses to Paragraphs 1 through 35 of the Complaint as fully set forth herein.

**PARAGRAPH NO. 37**

The Hamptons Agreement is a binding contractual undertaking that sets forth defendant's obligations to plaintiff thereunder, including the payment obligations set forth in that Agreement.

**ANSWER**: The allegations contained in Paragraph 37 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer is required of Casa, Casa denies the allegations contained in Paragraph 37, except admits that the "Hamptons Agreement" includes a payment schedule.

**PARAGRAPH NO. 38**

Defendant has failed to comply with its payment obligations to plaintiff under the Hamptons Agreement and, upon information and belief, has no intention of complying with its future payment obligations to plaintiff under that Agreement.

**ANSWER**: Casa denies the allegations contained in Paragraph 39.

**PARAGRAPH NO. 39**

Defendant is in material breach of the Hamptons Agreement.

**ANSWER**: The allegations contained in Paragraph 39 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer is required of Casa, Casa denies the allegations contained in Paragraph 39.

**PARAGRAPH NO. 40**

As a direct and proximate result of defendant's aforesaid contractual breaches, plaintiff has sustained, and continues to suffer, significant foreseeable losses and damages in an amount to be determined at trial.

**ANSWER**: The allegations contained in Paragraph 40 are legal arguments and conclusions, for which no response is required of Casa. To the extent that an answer is required of Casa, Casa denies the allegations contained in Paragraph 40.

## GENERAL DENIAL

Except as otherwise expressly stated in Paragraphs 1-40, above, Casa denies each and every allegation of the Complaint, including without limitation, headings, subheadings and all characterizations of the Campaign Agreements at issue in Plaintiff's Complaint, including, but not limited to, the "Palm Beach Agreement," the "Aspen Agreement," and the "Hamptons Agreement." Casa denies that Plaintiff is entitled to any relief requested in the Complaint. Casa further denies any remaining allegations in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each count thereof, fail to state a claim or claims upon which relief can be granted and, accordingly, the Complaint should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each count thereof, should be dismissed because Casa was not the direct or proximate cause of any of Plaintiff's alleged damages.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each count thereof, should be dismissed because Plaintiff did not submit invoices to Casa related to the rendering of services under the Agreements alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each count thereof, should be dismissed because Plaintiff failed to perform its obligations under any alleged agreement or contract.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each count thereof, should be dismissed because the material terms

of any alleged agreement(s) are ambiguous, vague, indefinite and/or uncertain, and do not give rise to any contractual obligations on the part of Casa or for which Plaintiff seeks relief.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to mitigate any alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands and/or culpable conduct.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

The Complaint, and each count thereof, should be dismissed because Casa satisfied all of its obligations to Plaintiff under any alleged agreement.

## RESERVATION OF RIGHTS

Because discovery has not yet occurred in this action, Casa reserves its right to assert other and further defenses as may later become known to counsel in a manner consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Casa prays for judgment as follows:

1. That Plaintiff takes nothing by its Complaint;
2. That Plaintiff's Complaint be dismissed in its entirety with prejudice;
3. That Casa be awarded costs of suit, including, but not limited to expenses and attorneys' fees to the extent permitted by law; and

4. That the Court award such other and further relief as it deems just and proper.

## **DEMAND FOR JURY TRIAL**

Casa demands a jury trial on all counts so triable against Casa.

Dated: November 27, 2024

                                           Respectfully submitted,

                                           SICHENZIA ROSS FERENCE CARMEL LLP

                                           By: */s/ Thomas P. McEvoy*
                                                    Thomas P. McEvoy, Esq. (TM-1984)
                                                    1185 Avenue of the Americas, 31st Floor
                                                    New York, New York 10036
                                                    (212) 930-9700
                                                    tmcevoy@srfc.law

                                                    *Attorneys for Defendant Casa Del Sol Spirits Co.*

**CERTIFICATE OF SERVICE**

I, Thomas P. McEvoy, Esq., counsel for Defendant Casa Del Sol Spirits Co., hereby certify that on November 27 2024, the foregoing Answer and Affirmative Defenses was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon the following party and participants:

John J. Rosenberg, Esq.
Brett T. Perala, Esq.
ROSENBERG, GIGER & PERALA P.C.
Carnegie Tower
152 West 57th Street, 18th Floor
New York, New York 10019
Tel: (646) 494-5000
jrosenberg@rglawpc.com
bperala@rglawp.com

*Attorneys for Plaintiff Rove Loop, LLC*

Dated: November 27, 2024

                                              */s/ Thomas P. McEvoy*
                                              Thomas P. McEvoy, Esq. (TM-1984)
                                              SICHENZIA ROSS FERENCE CARMEL, LLP
                                              1185 Avenue of the Americas, 31st Floor
                                              New York, New York 10036
                                              (212) 930-9700
                                              tmcevoy@srfc.law

                                              *Attorneys for Defendant Casa Del Sol Spirits Co.*